UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY EVANS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SOLANO COUNTY SHERIFF,<br><br>　　　　Defendant. | No. 2:17-cv-0020-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.　Request for Leave to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.　Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.   Screening Order**

As noted, plaintiff has filed a complaint along with supplements to the complaint. ECF Nos. 1, 8, 9, 10. The original complaint includes claims one through eleven. ECF No. 1. The first supplement purports to add claims twelve through twenty-two. ECF No. 8. The second

supplement purports to add claims twenty-three through twenty-seven, along with numerous exhibits. ECF No. 9. The third supplement purports to add claims twenty-eight through thirty-three with even more exhibits. ECF No. 10. Plaintiff may not, however, supplement his complaint in a piecemeal fashion by filing separate documents that are intended to be read together as a single complaint. If plaintiff wishes to add, omit, or correct information in the operative complaint, he must file an amended or supplemental complaint that is complete within itself. *See* E.D. Cal. Local Rule 220; *Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Plaintiff's complaint and supplement thereto are therefore dismissed with leave to amend in accordance with the requirements set forth in this order.

When a plaintiff is allowed to amend or supplement his complaint, he must write or type the amended complaint so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. Local Rule 220. That is, plaintiff must file a single amended complaint that includes all information relevant to his claim(s).

Any amended complaint shall clearly set forth the claims and allegations against each defendant, and must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Any amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

3

*See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

Plaintiff is cautioned that the Federal Rules of Civil Procedure do not allow a claimant to raise unrelated claims against different defendants in a single action. Instead, a plaintiff may add multiple parties where the asserted right to relief arises out of the same transaction or occurrence and a common question of law or fact will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims involving different defendants must be brought in separate lawsuits.[2]

Although plaintiff's allegations are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (procedural requirements apply to all litigants, including prisoners lacking access to counsel); E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

/////

/////

/////

---

[2] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

**IV.     Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 6) is granted.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith..

2. The complaint and supplements thereto (ECF Nos. 1, 8, 9, 10) are dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "Amended Complaint."  Failure to comply with this order may result in this action being dismissed for failure to prosecute.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  July 12, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE