UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY EVANS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SOLANO COUNTY SHERIFF,<br><br>　　　　　Defendant. | No. 2:17-cv-0020-EFB P<br><br>ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983.[1] His amended complaint is before the court for screening.

**I.　Screening Requirement and Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.     Screening Order**

The amended complaint (ECF No. 17) lists 33 separate claims involving various officers, some identified by name but most not, and concerns plaintiff's conditions of confinement at the Stanton Correctional Facility in Solano County. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Rule 8 requires that a complaint provide defendants with fair notice of the claims against them. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Here, it is not even clear from the complaint who the defendants are. Although plaintiff alleges that his claims are "against the Solano County Sheriff," the Sheriff is not identified as a defendant, and there are no allegations showing how the Sheriff was personally involved in any violation of plaintiff's rights. *See*

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). In any amended complaint, plaintiff must include a caption identifying all defendants. *See* Fed. R. Civ. P. 10(a).

In addition, the complaint appears to improperly join unrelated claims in a single lawsuit. The Federal Rules of Civil Procedure do not allow a claimant to raise unrelated claims against different defendants in a single action. Instead, a plaintiff may add multiple parties where the asserted right to relief arises out of the same transaction or occurrence and a common question of law or fact will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims involving different defendants must be brought in separate lawsuits.[2] The amended complaint, as drafted fails to show how all 33 of the claims alleged belong in the same lawsuit. *See* ECF No. 17 (asserting claims regarding (1) the denial of television, Kosher meals, clean blankets, and grievance forms; (2) the frequent and inadvertent opening of plaintiff's cell door and food port; (3) a two day period in which plaintiff was housed in a cold, dirty cell; (4) incidents in which plaintiff's legal mail has been delayed or read; (5) an unsafe van transport; and (6) several occasions on which meetings with plaintiff's attorney were cut short).

Plaintiff may choose to file an amended complaint that complies with the Federal Rules of Civil Procedure and states a cognizable claim. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.

/////

---

[2] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS HEREBY ORDERED that the amended complaint (ECF No. 17) is dismissed with leave to amend within 30 days of service of this order. Failure to comply with this order may result in dismissal of this action.

Dated: June 15, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE