UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY EVANS,<br><br>Plaintiff,<br><br>v.<br><br>SOLANO COUNTY SHERIFF.<br><br>Defendant. | No. 2:17-cv-0020-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. After filing his initial complaint, he filed various "supplements" to it. ECF Nos. 8, 9, 10. Thereafter, the court instructed plaintiff that he could not supplement his complaint in a piecemeal fashion by filing separate documents that are intended to be read together as a single complaint. ECF No. 13. Plaintiff was granted leave to file an amended complaint, but was cautioned that the Federal Rules of Civil Procedure do not permit raising unrelated claims against different defendants in a single action. *Id.* at 4. The court also informed plaintiff that any amended complaint must contain a caption including the names of all defendants and a short and plain statement of the claim showing he is entitled to relief. *Id.* at 2, 3.

Plaintiff filed his first amended complaint (ECF No. 17) which, on screening, the court determined did not comply with Federal Rule of Civil Procedure 8. ECF No. 20. Specifically, the court concluded that: (1) it was not clear from the complaint who the defendants were; (2) that

1

if the defendant was meant to be the Solano County Sheriff, there were no allegations showing how he was personally involved in any violation of plaintiff's rights; and (3) the complaint included multiple claims (33 in total) that could not be properly joined in a single action. *Id.* at 2-3; *see also* ECF No. 17 (asserting claims regarding (1) the denial of television, Kosher meals, clean blankets, and grievance forms; (2) the frequent and inadvertent opening of plaintiff's cell door and food port; (3) a two-day period in which plaintiff was housed in a cold, dirty cell; (4) incidents in which plaintiff's legal mail has been delayed or read; (5) an unsafe van transport; and (6) several occasions on which meetings with plaintiff's attorney were cut short). Plaintiff was again granted leave to amend to remedy these deficiencies. ECF No. 20 at 3-4.

After several extensions of time, plaintiff filed a second amended complaint, which the court must now screen. ECF No. 28. He has also filed a request for "federal protection," "release" from custody, and for judicial notice of other cases he is litigating. ECF No. 29. His most recent filing requests access to his personal laptop computer. ECF No. 30.

Screening

I. <u>Legal Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

/////

/////

While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

II.  Analysis

Like its immediate predecessor, the second amended complaint fails to clearly identify the defendants, fails to allege how the Sheriff was personally involved in any violation of plaintiff's rights, and once again, lists 33 claims that cannot be properly joined together in a single lawsuit.

The caption identifies "Solano County Sheriff" as the sole defendant, but alleges that the Sheriff "*and his immediate subordinates* (captains, lieutenants, sergeants, etc.) are directly responsible and accountable for the prejudicial acts and outrageous conduct of their officers while [plaintiff] was incarcerated in Fairfield and Stanton Jails." ECF No. 28 at 1 (emphasis added). Plaintiff then includes another summary of 33 separate grievances he filed against numerous officers at the Stanton County Jail between July of 2016 and April 2017. *Id.* at 2-6. Despite alleging that the Sheriff's subordinates are also responsible for this laundry list of wrongs, plaintiff does not name any captains, lieutenants, or sergeants as defendants. More importantly, plaintiff again fails to allege that the Sheriff, as the only named defendant, had any personal

involvement in any of the 33 alleged wrongs. The Sheriff's role as a supervisor is not a sufficient basis for imposing § 1983 liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Further, the court previously warned plaintiff that he could not proceed with multiple, factually distinct claims against multiple defendants in contravention of Federal Rule of Civil Procedure 18. *See* Fed. R. Civ. P. 18(a); *see also George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007) (holding that "unrelated claims against different defendants belong in different suits. . . ."). This action simply cannot proceed with the various claims impermissibly joined in the complaint. This practical impossibility, coupled with plaintiff's obvious failure to comply with the court's prior screening order and failure to assert a cognizable claim against the Sheriff, warrants dismissal of the complaint without leave to amend. *See Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (affirming district court's power to dismiss complaint without leave to amend where claimants failed to comply with court's instructions as to correcting deficiencies in their complaint).

Conclusion

Accordingly, it is ORDERED that the Clerk shall randomly assign a United States District Judge to this case. Further, it is RECOMMENDED that plaintiff's second amended complaint (ECF No. 28) be dismissed without leave to amend for failure to state a claim and failure to comply with the court's instructions and that all pending motions (ECF Nos. 29 & 30) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 18, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE